Christopher J. Hamner, Esq. (SBN 197117)
Evelina Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
5023 Parkway Calabasas
Calabasas, California 91302
Telephone: (818) 876-9631
chamner@hamnerlaw.com
evelinaserafini@hamnerlaw.com

Attorneys for Plaintiff, Rozen Christine Lalas, on behalf of herself and all others
similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

1

| | |
|---|---|
| ROZEN CHRISTINE LALAS, on behalf of herself and all others similarly situated<br><br>Plaintiff<br><br>v.<br><br>BARBIZON MODELING AND ACTING STUDIO OF LOS ANGELES, a California corporation, BARBIZON SCHOOL OF SAN FRANCISCO, a California corporation, BARBIZON MODELING AND ACTING SCHOOL OF SOUTHERN CALIFORNIA, a California corporation, BARBIZON STUDIO AND MODELING OF NEW YORK CITY, a New York company, and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Provide Rest Breaks (Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050);**<br>2. **Failure to Provide Meal Periods or Compensation in Lieu Thereof (Labor Code § 226.7; IWC Order 5; Cal. Code Regs., Title 8 § 11050);**<br>3. **Failure to Pay Overtime Wages (Labor Code § 200-204; 510, 1194, IWC Order);**<br>4. **Wage Statements Violations (Labor Code § 226(a));**<br>5. **Failure to Pay Wages of Terminated or Resigned Employees (LC§§ 201-203);**<br>6. **Unfair Business Practices (Bus. & Prof. Code §§ 17200-17208);**<br>7. **Violation of the Private Attorneys General Act (Labor Code Section 2698 *et seq.*)**<br>8. **Injunction**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rozen Christine Lalas, individually and on behalf of the proposed

class, brings this action against defendants Barbizon Modeling and Acting of Los

Angeles, Barbizon School of San Francisco, Barbizon Modeling and Acting Studio

of Southern California, Barbizon Modeling and Acting Studio of New York, and DOES 1 through 100 and state:

## I. PARTIES

1.     Plaintiff Rozen Christine Lalas ("Plaintiff") is and at all relevant times mentioned herein, was a resident of Los Angeles County, California.  Plaintiff worked for Defendant from May 18, 2018 to July 1, 2018 as an administrative Talent Director and a Workshop Leader.

2.     Defendant, Barbizon Modeling and Acting Studio of Los Angeles, owns, operates and does business in California as: Barbizon of Hollywood, Barbizon Modeling and Acting Studio of San Francisco, Barbizon Modeling and Acting School of Southern California, Barbizon Modeling and Acting Studio of New York.  Barbizon is a modeling and acting school that provides instructional courses in modeling, acting and personal development headquartered in Tampa, Florida, with many locations throughout California, including Los Angeles County.  Defendants are collectively referred to as "Barbizon" or "Defendants".

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes, and based thereon alleges, that defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

LALAS v. BARBIZON
COMPLAINT

## II. GENERAL ALLEGATIONS

4.      Plaintiff worked as an Administrator, Educator, National Talent Director, and a Workshop Leader for Barbizon in Hollywood, California from May 18, 2018 to July 1, 2018.

5.      Plaintiff began working for Barbizon on May 18, 2018 as a national talent director.  As a national talent director, Plaintiff was responsible for sales, which comprised of cold calling candidates and enrolling potential clients in the acting and modeling academy.

6.      Plaintiff was a non-exempt hourly employee.  Plaintiff earned $12.00 per hour but would be paid on a commission only basis if Plaintiff's commissions totaled more than her hourly wage earnings.

7.      On or about May 30, 2018, Barbizon began training Plaintiff for the position of workshop leader.  As a workshop leader, Plaintiff was responsible for leading the hour long acting and modeling workshops for potential enrollees.

8.      On or about June 2, 2018, Defendants sent Plaintiff to a Barbizon workshop in Ontario, California to work as a talent director. Soon after the workshop began, Defendants asked Plaintiff to take the stage and lead the acting and modeling workshop while continuing to work in her capacity as a national talent director.  Plaintiff continued training for the workshop leader position while working as a national talent director.

9.      Plaintiff alleges she was paid only for her work as a talent director, and was not paid for her work and training as a workshop leader.

10.      Plaintiff further alleges she was not permitted or able to take any meal or rest breaks while in Ontario for Defendants.

10.      On or about June 9, 2018, Defendants sent Plaintiff to San Diego to lead Defendant's workshop and work in the capacity of workshop leader.  Plaintiff

taught candidates acting and modeling, led the workshop and during breaks, checked people in at the front desk, and performed administrative duties.

11.    Plaintiff alleges she was not permitted or able to take any meal or rest breaks while in San Diego for Defendants.

12.    On or about June 14, 2018, Defendants changed Plaintiff's position to Education Coordinator, transferring Plaintiff to Defendants' administration and education department in California.  Plaintiff's duties were to teach dance and modeling classes, hair and makeup for the talent, along with administrative duties. In this new position, Plaintiff's hourly rate was increased to $16 per hour for administrative work and $25 per hour when teaching dance and modeling classes.

13.    Plaintiff alleges there were discrepancies in her last two paychecks wherein she was underpaid.

14.    Plaintiff alleges that Defendants' corporate policies and procedures are such that Plaintiff and the class she seeks to represent were not able to, or permitted to, take timely rest and meal breaks at Defendant's studios.  Defendants maintained a company-wide policy and practice to essentially not allow its employees any opportunity to be able to take timely breaks or lunch periods pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders.  Defendants maintain a common policy at all Barbizons in California of not allowing Plaintiff, and the class she seeks to represent, proper and legal rest and meal breaks.

15.    Plaintiff alleges that Defendants knew or should have known that Defendants' company-wide policies and procedures prevent Defendant's employees from taking timely meal and rest breaks, especially during busy shifts at the school and during workshops at all Barbizons in California.

18.     Plaintiff alleges that Defendants engage in uniform and unlawful conduct resulting in violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5.

19.     Plaintiff alleges that Defendants maintain the aforementioned uniform practices and procedures for each of Defendant's Barbizon studios in California.

20.     Plaintiffs bring this action pursuant to Business and Professions Code §§ 17200-17208, seeking injunctive relief and restitution of all benefits obtained by Defendants by engaging in the unlawful conduct complained herein.

21.     On July 26, 2018, Plaintiff sent a notice of PAGA claims to Defendants and the California Labor and Workforce Development Agency (LWDA).

### III. CLASS ALLEGATIONS

1.     Plaintiffs bring this cause of action on behalf of herself and on behalf of all persons similarly situated, ("the class") as alleged herein.  This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382.

2.     Plaintiffs seek to represent the following class of California workers:

**All of Defendants' hourly employees or non exempt employees who have worked at one of defendant's Barbizon locations in California in the last four years.**

3.     Plaintiff is a member of the proposed class.

4.     There is a well-defined community of interest in the litigation and the class is ascertainable.

5.     The requirements for Class certification can be meet here.

A.     Numerosity: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are

informed and believes and thereon alleges that the class consists of 1,000 persons or more.

B.    <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

   i.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

   ii.  Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the class members pursuant to Labor Code Section 510, and Wage Order, No. 4-2001, for the period commencing four years prior to the date of the filing of this complaint and continuing through the date of judgment;

   iii.  Whether Defendants' policy and practice of classifying class members as exempt from overtime entitlement under California law and Defendants' policy and practice of failing to pay overtime to the California class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

   iv.  Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

v.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for class members;

vi.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

vii.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

viii.  Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

ix.  Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

x.  The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California class; and,

xi.  Additional common questions of law and fact may develop as the litigation progresses.

C.    Typicality: Plaintiff's claims are typical of the claims of the class. Plaintiff and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to class members as well as Plaintiff.

Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

D. <u>Adequacy</u>: Plaintiff and her counsel will fairly and adequately protect the interests of the class. Plaintiff has no interest that is averse to the interests of the other class members.

E. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action. Individual litigation and claims would also present the potential for inconsistent or contradictory results.

F. <u>Public Policy Considerations</u>: Defendants and other employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

9

LALAS v. BARBIZON
COMPLAINT

of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Failure to Provide Rest Breaks**
**(Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)**

6.      Plaintiff re-alleges and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

7.      By failing to provide rest periods as mandated under California law to Plaintiff and the proposed class, Defendant willfully violated the provisions of Labor Code section 226.7.

8.      As a result of the unlawful acts of Defendants, Plaintiff has been deprived of rest breaks, premium wages, and/or other compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest, attorneys' fees, and costs.

9.      Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

///

///

///

///

## SECOND CAUSE OF ACTION

### Failure to Provide Meal Periods or Compensation in Lieu Thereof
### (Labor Code § 226.7, IWC Order 5; Cal. Code Regs., Title 8 § 11050)

10.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

11.     By failing to provide minimum statutory meal periods, and by failing to provide compensation for these meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, IWC Wage Orders, and California Code of Regulations, section 11020(11).

12.     As a result of the unlawful acts of Defendants, Plaintiff and the class she seeks to represent have been deprived of meal breaks, premium wages and/or other compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest, and costs.

13.     Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages
### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

14.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

11

LALAS v. BARBIZON
COMPLAINT

15.      Defendants illegally failed to pay overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

16.      California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and over twelve in a day for double-time.

17.      As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the class she seeks to represent have sustained damages, including loss of compensation for overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

18.      Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## FOURTH CAUSE OF ACTION

### Wage Statements Violations
### (Labor Code §226(a))

19.      Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

20.      Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately

12

report total hours worked by Plaintiff.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff.

21.     California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

22.     As a consequence of Defendants knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the class she seeks to represent are entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

23.     Plaintiffs request relief as described in the Prayer alleged *supra*, herein.

LALAS v. BARBIZON
COMPLAINT

## **FIFTH CAUSE OF ACTION**

### **Failure to Pay Wages of Terminated Employees**
### **(Labor Code § 201-203)**

24.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

25.     Defendants failed to pay Plaintiff and the class she seeks to represent, all wages owed to Plaintiff within the applicable time period under California law. These unpaid wages include failure to pay wages for rest and meal periods that were not provided. Plaintiff alleges Defendants' failure to pay Plaintiffs in this regard was intentional and willful within the meaning of section 203.

26.     Plaintiff alleges she and the class she seeks to represent are owed up to 30-days wages as a penalty, plus fees and costs incurred with bringing this cause of action.

27.     Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## **SIXTH CAUSE OF ACTION**

### **Violations of the Unfair Competition Law**
### **(Bus. & Prof. Code §§ 17200-17208)**

28.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

14

29.     Defendants' policy and practices alleged herein resulted in the Defendants' failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law. Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be discovered in the course of litigation, and which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

30.     The actions of Defendants in failing to pay Plaintiff and the proposed class in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

31.     Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.  Plaintiff brings this cause individually and as a member of the general public as a representative subject to Defendants' unlawful acts and practices.

32.     As a result of Defendants' unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff.  Defendants should be enjoined from this activity, caused to specifically perform their obligations, and

LALAS v. BARBIZON
COMPLAINT

made to disgorge these ill-gotten gains, and restore to Plaintiffs and the members of the public wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq.*  Plaintiffs are informed and believes, and on that basis alleges, that Defendants are unjustly enriched through their failure to provide wages and overtime wages to Plaintiffs and members of the public.

33.     Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and the proposed class have been prejudiced by Defendants' unfair trade practices.

34.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff is entitled to equitable and injunctive relief, including full restitution, specific performance, and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff and the proposed class as a result of the business acts and practices herein, and enjoining of Defendants to cease and desist from engaging in the practices described herein.

35.     The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future. Plaintiff and the proposed class allege that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed as alleged.

36.     Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay all wages owed.

37.     Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## SEVENTH CAUSE OF ACTION

### Violation of the Private Attorneys General Act
### (Labor Code §§ 2698)

38.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

39.     As a result of the acts alleged above, Plaintiff and the class members seek penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802.

40.     For each such violation, Plaintiff and the class members are entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

1.  For $100 for the initial violation per employee per pay period.

2.  For $200 for each subsequent violation per employee per pay period.

LALAS v. BARBIZON
COMPLAINT

41.     These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employees.

42.     Plaintiff Lalas filed a PAGA complaint online with the LDWA on or about July 26, 2018, and served Defendants by certified mail as prescribed by the Labor Code.  Plaintiffs and the class members seek penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

43.     Defendant has violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 as it pertains to Plaintiff and the proposed class as described more fully herein.

44.     Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## EIGTH CAUSE OF ACTION

## Injunction

45.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

46.     Plaintiff seeks injunctive relief to prohibit the continuing unlawful acts alleged herein, which threaten ongoing and future injury to the general public.

47.     Defendants' practices caused Plaintiff to suffer damages.

LALAS v. BARBIZON
COMPLAINT

48.     Plaintiff seeks to enjoin Defendants from continuing to their ongoing wage and hour violations at Defendants' schools.

49.     Plaintiff and the class she seeks to represent do not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

## IV.

## PRAYER FOR RELIEF

Plaintiff prays as follows:

1.  That the Court determine that the failure of the Defendants to pay compensation to Plaintiff and each member for all hours worked, be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2.  That the Defendants be ordered to pay and judgment be entered for wages for all hours worked by Plaintiff and proposed class according to proof;

3.  That the Court determine that the failure of the Defendants to pay compensation to the Plaintiff and the proposed class be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

4.  That the Defendants be ordered to pay and judgment be entered for wages for Plaintiff and the proposed class according to proof;

5.  That the Defendants be ordered to pay and judgment be entered for overtime wages, to Plaintiff and the proposed class according to proof;

6.  That the Defendants be ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff and the proposed class according to proof:

7.  That the Defendants be ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiffs according to proof;

19

8.  That the Defendants be ordered to pay and judgment be entered for Labor Code, section 226(f) penalties to Plaintiff and the proposed class according to proof;

9.  That the Defendants be ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiff and the proposed class according to proof;

10. That the Defendants be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

11.That the Defendants be ordered and enjoined to pay restitution to Plaintiff and the proposed class due to the Defendant's unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

12.That Defendants be enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiff and the proposed class;

13.That Plaintiff and the proposed class be awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

14.For penalties pursuant to Labor Code § 2699;

15.Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

16.Prejudgment Interest; and

///

///

///

///

LALAS v. BARBIZON
COMPLAINT

17. Any other relief this court deems proper.

**DATED:** August 3, 2018                    **HAMNER LAW OFFICES, APLC**

**/s/** Christopher J. Hamner

_____

By:  Christopher J. Hamner, Esq.
Attorneys for Plaintiffs Rozen Christine
Lalas and the Proposed Class.